# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stone and Lyechia Vang, | Civil No. 19-1711 (DWF/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Credit Acceptance Corporation, Primeritus Financial Services, Inc., and 11th Hour Recovery, Inc. | |
| Defendants. | |

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

Payton E. George, Esq., and Vernle C. Durocher, Jr., Esq., Dorsey & Whitney LLP, counsel for Defendants Credit Acceptance Corporation and Primeritus Financial Services, Inc.

Michael G. Phillips, Esq., Phillips Law, PLLC, counsel for Defendant 11th Hour Recovery, Inc.

# INTRODUCTION

This matter is before the Court on Defendants Credit Acceptance Corporation and Primeritus Financial Services, Inc.'s (collectively, "Defendants") Motion to Dismiss Counts IV and V (Doc. No. 17) of Plaintiffs' Complaint (Doc. No. 2 ("Compl.")). For the reasons set forth below, the Court respectfully denies Defendants' motion.

# BACKGROUND

On or about March 1, 2019, Plaintiffs John Stone and Lyechia Vang (collectively, "Plaintiffs") purchased and took possession of a 2013 Dodge Avenger ("Vehicle") from

Artemis Recovery ("Artemis").[1] (Compl. ¶¶ 12-13.) Plaintiffs allege that they possess the original Minnesota title for the Vehicle, and that the title lists them as the sole owners with no secured interests. (*Id.* ¶ 14.)

Plaintiffs further allege that on or about April 25, 2019, Defendants attempted to repossess the Vehicle from Plaintiffs' residence.[2] (*Id.* ¶ 17.) According to the Complaint, Plaintiffs contacted the Brooklyn Police Department to stop the repossession. (*Id.* ¶ 18.) The Brooklyn Police Department confirmed that Plaintiffs owned the Vehicle and told Defendants to leave Plaintiffs' residence without the Vehicle. (*Id.* ¶¶ 18-19.) Defendants complied. (*Id.* 19.)

Plaintiffs allege that on or about May 9, 2019, Defendants PFS and 11th Hour, at the request of CAC, repossessed the Vehicle despite having no secured interest in the Vehicle, and despite the outcome of the first attempt. (*Id.* ¶ 20.) Plaintiffs allege that they contacted 11th Hour to release the Vehicle but were told that the Vehicle could not be released until CAC gave permission. (*Id.* ¶ 21.) According to the Complaint, CAC agreed to return the Vehicle on May 14, 2019. (*Id.* ¶¶ 22-23.)

---

[1]   According to the Complaint, the Vehicle was previously owned by an unrelated party who financed his purchase of the Vehicle through Defendant Credit Acceptance Corporation ("CAC"). (Compl. ¶ 9.) Artemis towed and impounded the Vehicle on November 29, 2018. (*Id.* ¶ 10.) Plaintiffs allege that Artemis provided notice to the previous owner and to CAC in December 2018, advising them that if the Vehicle was not recovered from the impound, it would sell the Vehicle. (*Id.* ¶ 11.)

[2]   Plaintiffs allege that CAC hired Defendant Primeritus Financial Services ("PFS"), and that PFS in turn hired Defendant 11th Hour Recovery, Inc. ("11th Hour") to self-help repossess the Vehicle. (Compl. ¶¶ 15-16.) 11th Hour is not a party to this motion.

Plaintiffs allege that as a direct result of being without the Vehicle, they suffered an $800 out-of-pocket loss, $486 in lost wages, and extreme inconvenience and disruption to their family dynamics and schedule. (*Id.* ¶ 24.) Plaintiffs bring four counts against Defendants: (1) violations of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 et seq. ("Count I")[3]; (2) trespass to chattels ("Count II"); (3) wrongful repossession pursuant to Minn. Stat. § 336.9-609 ("Count III"); (4) conversion ("Count IV"); and (4) intrusion upon seclusion ("Count V"). Defendants move to dismiss only Counts IV and V.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[3] Count I is alleged against just PFC and 11th Hour; the remaining Counts are alleged against all Defendants.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Count IV

To prevail on a claim for conversion, a plaintiff must show that the defendant committed "an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.'" *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (citing *Larson v. Archer-Daniels-Midland Co.*, 32 N.W.2d 649, 650 (Minn. 1948)). To constitute conversion, interference must be either permanent or must last "for an indefinite length of time." *Bloom v. Hennepin Cnty.*, 783 F. Supp. 418, 441 (D. Minn. 1992); *Hildegaarde v. Wright*, 70 N.W.2d 257, 269 (Minn. 1955). Generally, the measure of damages in a conversion case is the value of the property at the time of the conversion plus interest. *McKinley v. Flaherty*, 390 N.W.2d 30, 32 (Minn. Ct. App. 1986).

Defendants argue that Plaintiffs' conversion claim fails as a matter of law because the Vehicle was returned after five days. (Doc. No. 19 ("Def. Memo.") at 3-4.) Defendants assert that a period of five days was neither a permanent nor an indefinite deprivation of use or possession of the Vehicle.[4] (*Id.*) Defendants contend that the claim also fails because Plaintiffs fail to allege any recoverable damages.[5] (*Id.* at 4-5).

The Court disagrees. Defendants do not deny that they took possession of and deprived Plaintiffs from use of the Vehicle, but argue that five days does not constitute an indefinite length of time to satisfy a conversion claim. The Court finds that what constitutes an "indefinite length of time" is a question of fact for the jury not properly determined at this stage in the proceedings. *See, e.g.*, *Johnson v. Credit Acceptance Corp.*, 165 F. Supp. 2d 923, 931 (D. Minn. 2001) (finding that a two-day retention of plaintiff's vehicle was sufficient to send a conversion claim to the jury).

With respect to damages, "a plaintiff cannot pursue a conversion claim for damages where no damages arise from the alleged conversion." *Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Sup. 2d 955, 963-64 (D. Minn. 2007). Here, the Court finds that that Plaintiffs have sufficiently pleaded damages, including an $800 out-of-pocket loss and $486 in lost wages. While it is true that the measure of damages in a conversion case in generally the value of the property at the time of the conversion plus interest, there is

---

[4] Defendants assert that a "prompt return" of the Vehicle after Plaintiffs' first demand to do so does not support a conversion claim. (Doc. No. 29 ("Def. Reply") at 4.)

[5] Defendants contend that Plaintiffs may recover only the fair market value of the Vehicle on May 9, 2019. (Def. Memo. at 4-5 (citing *Olen v. N. Tier Retail., LLC*, Civ. No. 11-2665, 2012 WL 1580994, at *4 (D. Minn. May 4, 2012).)

no rule that limits damages to the full value of the property, or rejects actual damages such as those pleaded by Plaintiffs. Accordingly, the Court declines to dismiss Plaintiffs' conversion claim at this stage in the proceedings.

### III. Count V

In Minnesota, intrusion upon seclusion requires a demonstration of three elements: (1) an intrusion; (2) that is highly offensive; and (3) into some matter in which a person has a legitimate expectation of privacy. *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 744 (Minn. Ct. App. 2001). "Intrusion upon seclusion occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another of his private affairs or concerns if the intrusion would be highly offensive to a reasonable person." *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.3d 231, 233 (Minn. 1998) (internal quotation marks and citation omitted). "There is no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable person, as the result of conduct to which the reasonable person would strongly object." *Swarthout*, 632 N.W.2d at 745 (internal quotation marks and citation omitted).

Determinations of whether conduct meets the reasonable person standard are usually questions of fact but may become questions of law if reasonable persons can only draw one conclusion from the evidence. *Swarthout*, 632 N.W. 2d at 744-745. To determine whether a reasonable person could conclude that a defendant's conduct was highly offensive, "the court must give special regard to the circumstances under which the alleged intrusion occurred, and the expectations that a reasonable person would have

6

under such circumstances." *Osborne v. Minn. Recovery Bureau, Inc.*, Civ. No. 04-1167, 2006 WL 1314420, at*7 (D. Minn. May 12, 2006) (citing *Bauer v. For Motor Credit Co.*, 149 F. Supp.2d, 1106, 1111 (D. Minn. 2001).

Defendants argue that Plaintiffs' claim fails because they do not allege facts that demonstrate a substantial interference with their privacy, or that the repossession was highly offensive.[6] (Def. Memo. at 6.) Defendants assert that "while wrongful repossession is certainly objectionable, it does not rise to the level of continuous harassment and obscene actions that constitute 'highly offensive' behavior." (*Id.* at 7.) Defendants contend that Plaintiffs' allegations are conclusory and no more than a formulaic recitation of their cause of action. (*Id.* at 6-7.)

Plaintiffs allege that they purchased and owned the Vehicle free of encumbrances, and that it was repossessed two weeks after being told by law enforcement to cease a prior attempt. (Compl. ¶¶ 12-14, 17-20.) The Court finds that Plaintiffs' allegations contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Whether a repossession under these circumstances is sufficiently substantial or highly offensive is a question of fact for the jury not properly

---

[6] Defendants cite *Moore v. Capital One N.A.*, Civ. No. 14-4745, 2016 WL 1627604, at *7 (D. Minn. April 22, 2016) to argue that a peaceful repossession is insufficiently offensive to support a claim for intrusion upon seclusion. (Def. Reply at 6.) In *Moore*, though, the defendant had a secured interest in the vehicle that was repossessed. Here, Plaintiffs allege that Defendants were told by law enforcement that they did not have a secured interest in the Vehicle, but that they repossessed the Vehicle anyway. (Compl. ¶¶ 17-20.)

7

determined at this stage in the proceedings.  Accordingly, the Court declines to dismiss Plaintiffs' claim for intrusion upon seclusion.

## CONCLUSION

Assuming all facts in the complaint to be true and construing all reasonable inferences from those facts in the light most favorable to Plaintiffs, the Court denies Defendants' motion to dismiss Counts IV and V.  Plaintiffs' factual allegations are sufficient to state a claim to relief that is plausible on its face.

While the Court declines to dismiss either Count, the Court observes that continued litigation is unlikely to benefit either party.  If the parties would like the Court's assistance in pursuing a settlement, they may contact chambers and the Court will help coordinate priority scheduling of a settlement conference with the Magistrate Judge.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts IV and V (Doc. No. [17]) of Plaintiffs' Complaint is respectfully **DENIED**.

Dated:  December 10, 2019         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge